UNITED STATES DISTRICT COURTPRIVATE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07 CR 789 |
| | ) | |
| DAVID ESTRADA, | ) | Judge John Grady |
| | ) | |
| Defendant. | ) | |

**DEFENDANT DAVID ESTRADA'S AGREED MOTION FOR SEVERANCE**

Defendant David Estrada ("Estrada"), by and through his attorney, Timothy P. O'Connor, pursuant to Fed. R. Crim P. 14(a), respectfully requests that this Court enter an Order severing the trial of his case from that of his co-defendant Steven Rangel ("Rangel") and reserving to the government the option to choose which case to try first. In support thereof, Estrada states as follows:

**INTRODUCTION**

On December 18, 2007, a grand jury handed up a four count Indictment charging that (1) Estrada and Rangel conspired to possess with intent to distribute and to distribute in excess of 500 grams of cocaine in violation of 21 U.S.C. § 841(a)(1), thereby violating 21 U.S.C. § 846 (Count 1); (2) on or about November 6, 2007, Estrada and Rangel possessed cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (Count 2); (3) on or about November 28, 2007, Estrada and Rangel possessed cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (Count 3); and (4) on or about November 28, 2007,

Rangel possessed cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Indictment, R. 17.[1]

The charges arose from an investigation during which, the government contends, Estrada and Rangel participated in two sales of cocaine to an undercover law enforcement agent, one on November 6, 2007 and one on November 28, 2007. Complaint, R. 1, ¶¶ 5-14. The government contends that on both occasions Rangel and Estrada drove together to the location arranged for the transaction and that Estrada exited the vehicle in which he and Rangel (and others on the second occasion) had been travelling and entered the undercover agent's car and conducted a sale of cocaine to the agent. Id at ¶¶ 5-14. In the midst of the second transaction, Estrada and Rangel were arrested. Id at ¶ 14. Thereafter, according to the government, Rangel both consented to a search of his apartment, where additional cocaine was found, and made a statement to law enforcement agents. Id at ¶¶ 16-17. The government contends that Estrada arranged both transactions with in recorded telephone conversations with the undercover agent. Id at ¶¶ 5-7, 11, 12.

The motion at bar arises from the statement apparently made by Rangel. According to a report produced by the government in discovery, Rangel stated, inter alia, the following to law enforcement agents:

> RANGEL then stated that the cocaine (Exhibit #2) that R/O's had recovered from David ESTRADA was his. RANGEL said that he was approached by ESTRADA approximately 3 days ago about getting a ½ kilo to sell to a black guy. RANGEL further related that David ESTRADA is his brother.

DEA Report Re Arrest Of Steven Rangel, attached hereto as Exhibit A, at p. 2 (bold emphasis omitted).[2]

---

[1] "R.___" denotes a citation to a docket entry in the record in this case.

**ARGUMENT**

"The indictment … may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions," constituting an offense or offenses. Fed. R. Crim. P. 8(b). But while "[t]here is a particularly strong preference for a single trial with co-defendants who have been jointly indicted," United States v. Souffront, 338 F.3d 809, 828 (7th Cir. 2003), the Court nonetheless may "sever the defendants' trials … or provide any other relief that justice requires" where "…joinder of … defendants in an indictment … appears to prejudice a defendant…" Fed. R. Crim. P. 14(a). "When defendants have been properly joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Souffront, 338 F.3d at 828 (quotations and citations omitted).

This case presents a classic circumstance in which a joint trial of co-defendants "would compromise a specific trial right" of one of the co-defendants. As noted above, Rangel apparently has made a statement implicating Estrada. The use of this statement at trial would deprive Estrada of his sixth amendment right to confront the witnesses against him because Rangel has an absolute right not to testify. Bruton v. United States, 391 U.S. 123, 135-36 (1968) (defendant's sixth amendment right to confront witnesses against him is violated when the statement of a non-testifying co-defendant implicating defendant is admitted into evidence, even if the jury is instructed to consider the statement only against

---

2   The statement apparently was more extensive than the report quoted above indicates. Chicago Police Officer Kenneth Mok, who worked on this case as a DEA Task Force Officer, testified elsewhere that Rangel also stated that he supplied cocaine to Estrada on other occasions in the past.

the non-testifying co-defendant). In the years since Bruton, the courts have developed a set of rules for determining whether a joint trial still may be had under circumstances such as those present here by redacting the statement and giving the jury a limiting instruction. See, e.g., Richardson v. Marsh, 481 U.S. 200 (1987) and Gray v. Maryland, 523 U.S. 185 (1998).

In United States v. Sutton, 337 F.3d 792 (7th Cir. 2003), the Seventh Circuit summarized those rules:

> The use of a non-testifying criminal defendant's confession against him in a joint trial risks violating the Confrontation Clause rights of the co-defendants. …. If the confession incriminates the co-defendants, then those co-defendants are denied their rights under the Confrontation Clause to cross-examine the witnesses against them, and their trials must be severed if the confession is to be used. However, as the Supreme Court and this Court have both recognized, there are ways to use this confession without incriminating the co-defendants, and thus protect the rights of the co-defendants. Proper redaction of the confession to eliminate all references to the co-defendants, combined with a limiting instruction to the jury that it may not consider the confession against anyone other than the confessing defendant has been found adequate….. Additionally, a redaction that replaces the codefendant names with neutral pronouns such that there is no obvious reference to the co-defendants will, along with limiting instructions, suffice to protect co-defendants' Confrontation Clause rights….

Sutton, 337 F.3d at 798-99.

Estrada respectfully submits that this case is one in which redaction and a limiting instruction are not sufficient to protect his confrontation clause rights and a severance is warranted.³ No matter how Rangel's statement is redacted and no matter how the jury is instructed, there simply is no way that a jury trying this case will not know that the person referred to in Rangel's statement is his codefendant, Estrada. The government contends that its evidence (which includes video tapes and audio recordings) will show that Estrada and

---

³   In the event that this Court denies Estrada's motion for a severance, Estrada requests, while preserving his objection to a joint trial and his position that his trial should be severed from that of Rangel, that this Court appropriately redact Rangel's statements to remove, to the greatest extent possible, any direct and indirect reference to Estrada and issue an appropriate limiting instruction to the jury.

Rangel drove together (with others in the car on one occasion) to two meetings with the undercover agent in which cocaine transactions were conducted. The government contends that its evidence will show that, after having been introduced to the undercover agent by an informant, Estrada arranged these transactions in telephone conversations with the undercover agent. Thus, this is not a case where there is a plethora of actors such that it would not be clear to whom the codefendant's statement refers because the statement could refer to a number of people. The government's position is that there only were two persons involved in the drug transactions with the undercover agent: Estrada and Rangle. Thus, the only person to whom Rangle could be referring is Estrada and the jury will know this regardless of redactions and instructions. Accordingly, Estrada respectfully submits that a severance is warranted here. Cf. United States v. Hoover, 246 F.3d 1054, 1059 (7th Cir. 2001) (redaction that left "one-to-one correspondence between …confession and easily identified figures sitting at the defense table" violates Bruton but error was harmless: "…only a person unfit to be a juror could have failed to appreciate that the 'incarcerated leader' and 'unincarcerated leader' were Hoover and Shell"); United States v. Eskridge, 164 F.3d 1042, 1044 (7th Cir. 1998) (replacement of codefendant's name with "another" violated Bruton but violation was harmless: "In Gray, the Court held that in a joint trial of two defendants, the use of one defendant's redacted confession [that replaced the other defendant's name "with an obvious indication of deletion"] violated the Sixth Amendment rights of the other defendant, despite the fact that the trial judge gave an instruction that it could only be used against the defendant who had confessed.").

      This Motion is agreed. Estrada's counsel (Timothy P. O'Connor) has spoken to counsel for the government (Michael J. Ferrara) and counsel for the government stated that

the government agrees to this Motion but seeks to reserve the right to decide which defendant to try first, a reservation to which Estrada does not object. Counsel for Estrada also has spoken to counsel for codefendant Rangel (Matthew Madden) and counsel for codefendant Rangel has stated that codefendant Rangel has no objection to this Motion.

**CONCLUSION**

WHEREFORE, defendant David Estrada respectfully requests pursuant to Fed. R. Crim. P. 14(a) that this Court enter an Order severing the trial of his case from that of his co-defendant Steven Rangel and reserving to the government the option to choose which case to try first.

Date: February 27, 2008                                     Respectfully submitted,

                                                                                     DAVID P. ESTRADA

                                                                                     By:s/ Timothy P. O'Connor
                                                                                        One Of His Attorneys

Timothy P. O'Connor
MEYER & O'CONNOR, LLC
Suite 2210
20 South Clark Street
Chicago, IL  60603
312-346-9000

**Exhibit A**
**DEA Report Re Arrest Of Steven Rangel**

CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that he caused a copy of the foregoing

DEFENDANT DAVID ESTRADA'S AGREED MOTION FOR SEVERANCE to be served upon

AUSA Michael Ferrara
United States Attorney's Office
219 S. Dearborn St.
Chicago, IL 60604

Matthew Madden
Federal Defender Program
28th Floor
55 East Monroe
Chicago IL 60603

by electronic service and first class mail on this 27th day of February, 2008.

s/Timothy P. O'Connor

**Exhibit A**
**DEA Report Re Arrest Of Steven Rangel**