UNITED STATES DISTRICT COURTPRIVATE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  07 CR 789 |
| | ) | |
| DAVID ESTRADA    , | ) | Judge John Grady |
| | ) | |
| Defendant. | ) | |

**DEFENDANT DAVID ESTRADA'S AGREED[1] MOTION TO EXTEND TIME TO SEEK DISCLOSURE OF, AND DISCOVERY REGARDING, INFORMANT**

Defendant David Estrada ("Estrada"), by and through his attorney, Timothy P. O'Connor, respectfully requests that this Court enter an Order extending by thirty days (from February 27, 2008 to and including March 28, 2008) the deadline to request that the Court direct the government to disclose the identity of the confidential informant used by the government in the investigation of this case and to provide discovery of all reports and statements and other materials pertaining to the informant.  In support thereof, Estrada states as follows:

**INTRODUCTION**

On December 18, 2007, a grand jury handed up a four count Indictment charging that (1) Estrada and Rangel conspired to possess with intent to distribute and to distribute in excess of 500 grams of cocaine in violation of 21 U.S.C. § 841(a)(1), thereby violating 21 U.S.C. § 846 (Count 1); (2) on or about November 6, 2007, Estrada and Rangel possessed cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (Count 2); (3) on or about November 28, 2007, Estrada and Rangel possessed cocaine with intent to distribute in

---

[1]    As noted _infra_, the government has agreed to this Motion, but the specific period of extension requested, 30 days, was not discussed with the government when the subject of this Motion was broached.

violation of 21 U.S.C. § 841(a)(1) (Count 3); and (4) on or about November 28, 2007, Rangel possessed cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Indictment, R. 17.[2]  The charges arose from an investigation during which, the government contends, Estrada and Rangel participated in two sales of cocaine to an undercover law enforcement agent, one on November 6, 2007 and one on November 28, 2007. Complaint, R. 1.  ¶¶ 5-14.  The government contends that on both occasions Rangel and Estrada drove to the location arranged for the transaction together and that Estrada exited the vehicle in which he and Rangel (and others on the second occasion) had been travelling and entered the undercover agent's car and conducted a sale of cocaine to the agent.  Id at ¶¶ 5-14.  In the midst of the second transaction, Estrada and Rangel were arrested.  Id at ¶ 14.

Reports produced in discovery state that a confidential source "provided information on David [Estrada] … [and] … informed [law enforcement officers] that [Estrada] was selling cocaine in the vicinity of 23-26th and Kedzie."  November 19, 2007 DEA Report, attached hereto as Exhibit A, at p. 1.  The confidential source apparently set up the initial transaction at issue by "plac[ing] a recorded telephone call … to" Estrada.  October 16, 2007 DEA Report, attached hereto as Exhibit B, at p. 1 ("The CS told [Estrada] that [the law enforcement agent] wanted to talk to him in regards to purchasing crack cocaine.  The CS then handed … [the law enforcement agent] the phone at which time [Estrada] related ….").

The confidential source's role in this case continued well after the initial introduction of the undercover officer to Estrada.  Subsequent taped conversations indicate that the confidential source apparently claims to have spoken separately to Estrada about one of the transactions at issue in an apparently unrecorded telephone conversation.  Tape N-6

---

[2]        "R.___" denotes a citation to an entry in the record in this case.

(containing apparent statement by the undercover officer that the confidential source discussed with Estrada a price of $10,000). [3]

## **ARGUMENT**

Although there is a limited privilege to withhold information pertaining to the identity of an informant, that privilege is not absolute and may be abrogated upon a proper showing by the defendant. [4]  In this case, the government has informed Estrada that it does not intend to call the informant as a witness and has invoked the privilege with respect to any request for disclosure of the informant's identity or discovery concerning the informant beyond the materials produced thus far in this case.  Estrada at present has not moved for disclosure of the informant's identity or production of additional materials with respect to the informant but requests that the Court extend the deadline for Estrada to seek such an Order by thirty days so that Estrada may take such a step if necessary as he prepares his defense to the charges.

---

[3]       If the court desires, Estrada will provide the court with copies of the tapes cited herein.  No transcripts presently are available.

[4]       In United States v. Jefferson, 252 F.3d 937 (7th Cir. 2001), the Court set forth the standards governing the adjudication of a motion to disclose a confidential informant:

> The government has a limited privilege to withhold the identity of a confidential informant from a criminal defendant.  Roviaro v. United States, 353 U.S. 53, 60, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957).  As the Supreme Court has recognized, citizens have an obligation to communicate their knowledge of the commission of crimes to law enforcement officials.  Id at 59, 77 S.Ct. 623.  By preserving anonymity, this privilege encourages citizens to perform that obligation.  Id.  In determining whether to disclose a confidential informant's identity, a court must balance 'the public interest in protecting the flow of information against the individual's right to prepare his defense.'  Id at 62, 77 S.Ct. 623.  Therefore, in order to overcome the limited privilege, a defendant must establish that the disclosure of the informant's identity is either 'relevant and helpful' to his defense or 'essential to a fair determination of the cause.'  Id at 60-61, 77 S.Ct. 623.

Jefferson, 252 F.3d at 940-41.

This Motion is not interposed for purposes of delay and granting this Motion will serve the interests of justice. Estrada is working to prepare his defense. Estrada may well determine as he does so that there are grounds to seek disclosure of, and discovery concerning, the informant. But Estrada seeks to avoid burdening the Court or the parties with motion practice on this topic until that point is reached. Granting this Motion both will allow Estrada additional time to make this determination and avoid unnecessary motion practice in the event that he determines not to seek this information.

This Motion is agreed – at least in principle. Counsel for the government (Michael Ferrara) has informed counsel for Estrada (Timothy P. O'Connor) that the government agrees to this Motion – although counsel for Estrada did not discuss with the government that the requested extension would be thirty days. Counsel for Rangel (Matthew Madden) has informed counsel for Estrada that Rangel agrees to the proposed extension in its entirety.

## **CONCLUSION**

WHEREFORE defendant David Estrada respectfully requests that this Court enter an Order extending by thirty days (from February 27, 2008 to and including March 28, 2008) the deadline to request that the Court direct the government to disclose the identity of the confidential informant used by the government in the investigation of this case and to provide discovery of all reports and statements and other materials pertaining to the informant.

Date: February 27, 2008                    Respectfully submitted,

                                           DAVID P. ESTRADA

                                           By: s/ Timothy P. O'Connor
                                               One Of His Attorneys

Timothy P. O'Connor
MEYER & O'CONNOR, LLC
Suite 2210
20 South Clark Street
Chicago, IL  60603
312-346-9000

<u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that he caused a copy of the foregoing

DEFENDANT DAVID ESTRADA'S AGREED MOTION TO EXTEND TIME TO SEEK

DISCLOSURE OF, AND DISCOVERY REGARDING, INFORMANT to be served upon

AUSA Michael Ferrara
United States Attorney's Office
219 S. Dearborn St.
Chicago, IL 60604

Matthew Madden
Federal Defender Program
28th Floor
55 East Monroe
Chicago IL 60603

by electronic service and first class mail on this 27th day of February, 2008.

/sTimothy P. O'Connor

<u>Index To Exhibits</u>

1.  Exhibit A……………………………………………. November 19, 2007 DEA Report

2.  Exhibit  B…………………………………………..October  16,  2007  DEA  Report

**Exhibit A**
**November 19, 2007 DEA Report**

**Exhibit B**
**October 16, 2007 DEA Report**