UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07 CR 415 |
| | ) | |
| DAVID ESTRADA ET AL., | ) | Judge John F. Grady |
| | ) | |
| Defendant. | ) | |

**DEFENDANT ESTRADA'S MOTION FOR REVOCATION
OF MAGISTRATE JUDGE'S ORDER OF DETENTION**

Defendant, David Estrada, by and through his attorney, Timothy P. O'Connor, pursuant to Title 18, U.S.C., § 3145(b), respectfully requests that this Court enter an Order revoking or amending Magistrate Judge Jeffrey Cole's Order of detention heretofore entered on December 7, 2007, and in support hereof, states as follows:

**BACKGROUND**

1. Estrada is charged along with Steven Rangle with conspiracy to possess and distribute more than 500 grams of cocaine and with two cocaine transcations with an undercover law enforcement officer. Indictment, R. 17, Counts One – Three. The Pretrial Services Officer recommended that Estrada be detained pending trial, asserting that "[t]here is no condition or combination of conditions that would reasonably assure the appearance of the person as required and the safety of any other person and the community." Pretrial Services Report, at p. 7.[1] The Pretrial Services Officer reached this conclusion for the following reasons:

---

[1] The Pretrial Services report is confidential and therefore not attached hereto. Estrada will provide a copy upon request.

1

The following factors indicate that the defendant presents a risk of nonappearance:

-Currently on parole
-Prior bond forfeitures
-Prior violations of probation
-Prior conviction for violation of probation
-New arrests while on bond and probation
-Self-reported drug use and presumptively positive drug test results
-Non-payment of debt
-Unstable residence history

The following factors indicate that the defendant presents a risk of danger to the community:

-Nature of the alleged offense
-Currently on parole
-Self-reported drug use and presumptively positive drug test results
-At least 5 prior felony convictions, including a drug related offense
-At least 1 misdemeanor conviction, including a drug related offense

Id at pp. 6-7.

2.    On December 7, 2007, Magistrate Judge Cole entered an Order detaining Estrada because "[t]he Court [found] by clear and convincing evidence that no condition or combination of release [sic] will reasonably assure the safety of any other person and the community." December 7, 2007 Order, R. 16, at p. 1. Significantly, Magistrate Judge Cole did not find that Estrada represented a risk of nonappearance. Id. Estrada respectfully requests that this Court conduct a de novo review of the foregoing detention Order. Estrada respectfully submits that the Magistrate Judge erred in concluding that there is "clear and convincing evidence that no condition or combination of release [sic] will reasonably assure the safety of any other person and the community" and, in the alternative, that this conclusion is no longer valid in light of the fact that there now is present a third-party custodian who was not available at the time of the hearing before the Magistrate Judge and whose presence allows the Court not only to release Estrada to a third-

2

party who will monitor his compliance with any conditions of release but also to consider other conditions, such as home confinement and electronic monitoring, that will assure that there is no risk to anyone or risk of nonappearance. In addition, Estrada respectfully submits that the Pretrial Services Officer erred in concluding that he presented a risk of nonappearance, a finding that the Magistrate Judge notably did not adopt.

## ARGUMENT

3.  18 U.S.C. § 3145(b) provides that a district court may review a Magistrate Judge's Detention Order. The court's review of such an Order may be de novo. Cf. United States v. Torres, 929 F.2d 291, 292 (7th Cir. 1991) ("Although § 3145(a)(1) speaks of 'review' by the district judge, the court may start from scratch. A district judge who elects to do this, however, must follow the same procedures that apply to the taking of evidence before the magistrate judge."). The principles governing whether a person may be detained pending judicial proceedings are set forth in 18 U.S.C. §§ 3141 et seq.

4.  In particular, 18 U.S.C. § 3142(b) provides for release on personal recognizance or unsecured appearance bond "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community."

5.  Alternatively, "[i]f the judicial officer determines that the release described in … [18 U.S.C. § 3142(b)] … will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, such judicial officer shall order the pretrial release of the person:

   (A)  Subject to the condition that the person not commit a federal, state or local crime during the period of release and subject to the condition that the

        person cooperate in the collection of a DNA sample from the person if the collection of such a sample is authorized [by law]….; and,

    (B)    Subject to the least restrictive further conditions, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community.

18 U.S.C. § 3142(c).

    6.    18 U.S.C. § 3142(c)(1)(B) lists a number of conditions that the Court may consider in fashioning a Release Order, including that "the person remain in the custody of a designated person, who agrees to assume supervision and to report any violation of a release condition…"; "maintain employment, or, if unemployed, seek employment"; "abide by specified restrictions on personal associations, place of abode, or travel"; and "report on a regular basis to a designated law enforcement agency, pretrial services agency, or other agency"; "return to custody for specified hours following release for employment, schooling, or other limited purposes."  18 U.S.C. § 3142 (c)(1)(B).  18 U.S.C. § 3142 (c)(1)(B) lists a number of other conditions that a Court may impose in fashioning a Release Order and further provides that a Court may require a defendant to "satisfy any other condition that is reasonably necessary to assure the appearance of the person as required and to assure the safety of any other person and the community."  18 U.S.C. § 3142 (c)(1)(B).

    7.    "[I]n determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community," 18 U.S.C. § 3142 (g) directs that the Court "take into account the available information concerning";

    (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, or an offense listed in section 2332(g)(5)(B) for

> which a maximum term of imprisonment of 10 years or more is prescribed or involves a narcotic drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law;
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release….

18 U.S.C. § 3142(g). In a case such as this one – where Count One charges a conspiracy to violate 21 USC § 841(a) with respect to an amount of cocaine in excess of 500 grams, for which the maximum term of imprisonment is forty years( 21 USC § 841(B)(ii)(II)) – a rebuttable presumption arises that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community" if the Court finds that there is probable cause to believe that Estrada, who has been indicted, committed the charged offense. 18 U.S.C. § 3142(d).

8.      In order to deny bail, the government must either demonstrate by "clear and convincing evidence" that "no condition or combination of conditions will reasonably assure" the "safety of any other person and the community" in the event of defendant's release or must demonstrate by a "preponderance of the evidence" that "no condition or combination of conditions will reasonably assure" defendant's appearance as required. 18 U.S.C. § 3142(e);18 U.S.C. § 3142(f)(2)(B); <u>United States v. Portes</u>, 786 F.2d 758, 764-65 (7th Cir. 1985).

9. For the following reasons, defendant Estrada suggests that an evaluation of the factors enumerated in 18 U.S.C. §3142(g) leads to the conclusion that any presumption that there are no conditions that will assure his appearance or the safety of the community is overcome and that Estrada should be released with a set of conditions sufficient to satisfy the Court that he will appear and will not pose a danger to anyone or the community.

10. **Family Ties; Community Ties; Length Of Residence In The Community.** Estrada has lived in the Chicago area all of his life. All (or virtually all) of his relatives live here, including his mother, his siblings, his grandmother and his aunts and uncles. He has no significant ties to any other place. Accordingly, this factor weighs heavily in favor of pretrial release. Estrada will not flee the Northern District of Illinois. He has never lived any where but the Chicago area.

11. **A Responsible Third Party Custodian Is Available.** Estrada's aunt, Irene Pena, and her husband (Estrada's uncle) will be present in court when this Motion is heard and are willing to serve as third-party custodians for Estrada. Mrs. Pena is stable, gainfully employed and has no criminal record. She is willing to take Estrada into her home and to monitor his compliance with the terms of any pretrial release and to report any failure to comply to this Court. Thus, this factor too weighs heavily in favor of pretrial release. The availability of a credible third-party custodian provides an added assurance that the terms of any bond will be observed and allows the court to impose additional conditions if necessary, such as home confinement or electronic monitoring.

12. **Character, Physical And Mental Condition.** Estrada is in good mental and physical health. There is nothing about his condition in this regard that raises any concern with respect to either his appearance in court or any ostensible danger to the community. This factor

supports pretrial release. Estrada's overall character is discussed throughout this Motion and also augurs in favor of release.

13. **Record Concerning Appearance At Court Proceedings.** The Pretrial Services report cites in this regard "prior bond forfeitures," "prior violations of probation" and "new arrests while on bond and probation." But Estrada respectfully submits that this assessment significantly, and incorrectly, overstates prior difficulties he has had during periods of pretrial and posttrial court supervision and obscures the basic, hugely significant fact that he has never, ever fled from any court proceeding brought against him.

First, the Pretrial Services Report misses this key, overarching point: Estrada has never, ever fled from any criminal prosecution brought against him -- not even when, as a very young man, he was released pending appeal following a state court murder conviction and the imposition of a twenty year term of imprisonment (the conviction subsequently was reversed, People v. Estrada, 243 Ill.App.3d 177, 611 N.E.2d 1063 (1st Dist. 1993)). Pretrial Services Report at pp. 3-6. This weighs significantly in favor of release. The risk that Estrada will flee the Northern District of Illinois if granted pretrial release is non-existent. He has faced multiple, significant prosecutions in the Circuit Court of Cook County and always has appeared for trial and, if necessary, for service of his sentence. Indeed, as noted above, he was released pending appeal of a murder conviction and a twenty year sentence (subsequently reversed) and did not flee. If the specter of twenty years in prison did not lead to flight then, it is difficult to believe that Estrada would flee now. Significantly, the Magistrate Judge made no finding that Estrada presented a risk of nonappearance despite the Pretrial Services officers' conclusion to the contrary.

Second, even moderate scrutiny of Estrada's record bears out the conclusion that the Pretrial Services Officer's assessment of his record of appearance and compliance with terms of release, supervision and probation substantially overstates any difficulties he has had.  Indeed, it appears that other than some instances in 1993 (which are not as egregious as they may appear at first blush) and his arrest in this case while on parole, Estrada has had no instance of actual noncompliance with the terms of any pretrial or posttrial release::

**a) 1989 Murder Case:** The Pretrial Services Report reflects that on November 20, 1989, Estrada was arrested and subsequently charged with murder; he was convicted on February 8, 1991 and bond was revoked; on April 10, 1991 he was sentenced to twenty years in prison; on April 24, 1991, he was granted an "appeal bond" and released on "pretrial services monitoring"; and on July 21, 1993, the Illinois Appellate Court reversed his conviction.  At no time during the pendency of these proceedings, which involved two lengthy periods of release on bond (one while a conviction and twenty year sentence were hanging over Estrada), did Estrada fail in any way to comply with the terms of his release (the June 21, 1993 arrest reflected in the immediately following entry herein is not listed in the Pretrial Services Report as noncompliance), Id at pp. 3-4;

**b)1993 Drug Cases:** On June 21, 1993, Estrada was arrested and subsequently charged with narcotics related offenses and released on bond on June 22, 1993.  The Pretrial Services Report reflects that he had no violations of his pretrial release and pled guilty on August 20, 1993, receiving a sentence of 30 months probation.  Id at p. 4.  It is true, as the Pretrial Services Report reflects, that Estrada had five alleged violations of probation between January, 1994 and April, 1994 and was found guilty of violating probation in April, 1994, and was sentenced to three years in prison on May 9, 1994, but this record is not as egregious as it initially appears.  After pleading guilty in this

case on August 20, 1993, Estrada was arrested twice more for drug offense during the balance of 1993 and it appears that one of these arrests (and his subsequent detention for a time while one charge was pending) led to the violation of probation conviction rather than any aggravated failure to comply with the terms of his probation.  First, Estrada was arrested on September 27, 1993 for possession of cannabis; was granted bond on September 30, 1993; pled guilty on November 4, 1993; received a sentence of six months supervision; and completed supervision on May 24, 1994.  Id at p. 4.  The Pretrial Services Report reflects no instances of noncompliance either with bond or supervision with respect to this case, (except perhaps the last 1993 arrest, discussed infra, which is not listed as a violation of any bond).  Id.  Second, Estrada was arrested on December 14, 1993 for controlled substances offenses and was released on a "$10,000 I-bond" on March 17, 1994, after having been indicted in this case approximately two weeks earlier.  Id.  The record reflects that he pled guilty in this case on May 9, 1994 in a proceeding that was consolidated with the sentencing for violation of probation in his first 1993 case, discussed supra.  Id.  He apparently received a three year prison term for both cases.  The Pretrial Services report reflects no instance of noncompliance with his pretrial release in the last of the 1993 drug cases, Id.;

    **c) May, 1996 Possession Of Controlled Substance Case:**  The Pretrial Services Report reflects that Estrada was arrested on May 28, 1996 and subsequently charged with possession of a controlled substance.  Id at p. 5.  He pled guilty on May 15, 1997 and received a sentence of thirty months probation.  Id.  The Pretrial Services Report reflects two instances with respect to this case that bear on the question of bond here: a bench forfeiture warrant that was issued on August 8, 1996 while Estrada was on pretrial release and a violation of probation noted on November 17, 1997 with a warrant issued on January 9, 1998, which was not, in turn, executed until October, 2005.  Id.  With

respect to the bench forfeiture warrant, Estrada merely came to court in the afternoon by mistake and accidentally missed his appearance. As the Pretrial Services Report reflects, the bench forfeiture warrant was quashed just four days later, on August 13, 1996. Id. With respect to the violation of probation, Estrada did not know of this claim until he was pulled over on October 9, 2005 and then arrested because of a computer entry reflecting the January, 1998 warrant for violation of probation. Just eight days later, the court terminated his probation – without finding Estrada guilty of any violation of probation – when the State could not produce the claimed warrant, Id.;

      **d) October 7, 2005 Arrest for Possession Of Cannabis:** The Pretrial Services Report reflects that Estrada was arrested on October 7, 2005 for possession of cannabis; was issued bond on October 9, 2005; and the charges were stricken on leave just four days later, on October 13, 2005, Id.; and,

      e) March 17, 1995 and December 24, 2005 Controlled Substances Charges: The Pretrial Services Report reflects that Estrada was charged with, and pled guilty to, controlled substances offenses in 1995 and 2005 where he did not obtain pretrial release. Id at pp. 5-6. Accordingly, these cases do not – at least to the extent that there is no record of pretrial release to consider -- reflect on whether Estrada presents a risk of nonappearance or danger to the community;

      14.    **Financial Resources; Employment.** This factor weighs in favor of pretrial release. Estrada proposes to stay with family members (almost certainly Mr. and Mrs. Pena if the Court appoints them as third-party custodians) and can seek employment if the Court allows him to do so. As the Pretrial Services Report notes, Mr. Estrada has had gainful

employment at a number of the jobs in the past. Id at p. 2. This factor supports pretrial release; there is no danger that Estrada will end up on the streets if released.

15. **History Related To Drug Or Alcohol Abuse.** Although the Pretrial Services Report notes a presumptively positive test result for marijuana at the time of arrest and that Estrada has prior drug convictions, the fact remains that Estrada has no significant history of substance abuse. Id at p. 3. Thus, this factor certainly does not militate against pretrial release.

16. **Nature And Circumstances Of The Offense; Weight Of The Evidence Against The Person.** Estrada concedes that the offense at bar – a claimed conspiracy to possess and distribute cocaine and two alleged cocaine sales to an undercover law enforcement officer – are serious charges and that the government's case is supported by significant evidence (audio and video tapes). Nonetheless, this factor is only one of many and cannot – Estrada respectfully submits – outweigh the numerous other factors weighing in favor of pretrial release.

17. **Nature And Seriousness Of The Danger To Any Person Or The Community That Would Be Posed By The Person's Release.** This is the reason that Magistrate Judge Cole ordered Estrada detained. Estrada respectfully submits that this holding is incorrect or, in the alternative, no longer valid. At the initial detention hearing, Estrada offered his mother as a potential third-party custodian, but the Magistrate Judge rejected her in that role because she had a criminal history that included a conviction for bringing cannabis into a correctional facility. Id at p. 2. Estrada informed the Court at that time that he had other persons from his large, close family who could serve in the role of

11

third-party custodian but that he had not yet had time to contact those individuals (he had his initial appearance and counsel was appointed for him just two days earlier, on December 5). Magistrate Judge Cole entered his detention Order on December 7 without prejudice to Estrada's right to proffer one of these other persons as a third-party custodian.  A subsequent hearing set for January 7, 2008 where Ms. Pena was going to be proffered as a third-party custodian was canceled because she fell ill.

With a viable third-party custodian, the facts before this Court are significantly different than the facts before Magistrate Judge Cole.  Now, there is a stable, employed person (Mrs. Pena) who can act as a third-party custodian of Mr. Estrada and the Court can impose other conditions (such as electronic monitoring and home detention) that are available when a defendant has such a place to go upon pretrial release.  Thus, Estrada respectfully submits that notwithstanding his prior record, any concern (or presumption) that he presents a danger to any other person or the community is significantly lessened (assuming that the Magistrate Judge's assessment of this threat was correct to start with, which Estrada disputes[2]) and in any event no such threat can be established by clear and convincing evidence.  Accordingly, this factor now augurs in favor of release.

18. In sum, Estrada respectfully submits that the balance of all of the factors at bar warrant the conclusion that Estrada does not present a risk of nonappearance and that he does not – particularly if he were placed under the supervision of a third-party custodian and

---

[2] Estrada respectfully submits that the Magistrate Judge erred in finding that such a threat existed by clear and convincing evidence or even by a preponderance of the evidence.  First, it never has been suggested by anyone in this case that Estrada presents a threat to any identifiable person.  Second, while it is true that Estrada does have prior drug convictions, all but one (at most two, the Report is somewhat unclear) of these convictions were for possession, not manufacture or delivery of, drugs.  Pretrial Services Report at pp. 3-6.  Thus, Estrada does not pose a threat to the community at large either.

the Court imposed any other conditions that it thought necessary, such as home detention or electronic monitoring – present a risk to any other person or the community, much less a risk shown by clear and convincing evidence. Any presumption to the contrary has been overcome.

**CONCLUSION**

WHEREFORE, for the foregoing reasons, defendant David Estrada respectfully requests that this Court hold a *de novo* detention hearing and enter an Order revoking the earlier entered detention order.

Date: March 3, 2008                                  Respectfully submitted,

                                                     __s/ Timothy P. O'Connor_____
                                                     Timothy P. O'Connor, attorney for
                                                     defendant, David Estrada

Timothy P. O'Connor
MEYER & O'CONNOR
Suite 2210
20 South Clark Street
Chicago, IL  60603-1805
(312)346-9000

**CERTIFICATE OF SERVICE**

I, Timothy P. O'Connor, an attorney, state that I caused to be filed, by electronic filing (ECF), with the Clerk of the United States District Court for the Northern District of Illinois, the foregoing Motion to Revoke the Magistrate Judge's Order of Detention

The undersigned also certifies, as to the following parties, that in accordance with F.R.Civ.P. 5, LR 5.5 and the General Order on Electronic Case Filing (ECF), the foregoing pleading, along with a notice of motion, if required, were served pursuant to the district court's ECF system as to ECF filers, if any, on March 3, 2008, to:

AUSA Michael Ferrara
United States Attorney's Office
219 S. Dearborn St.
Chicago, IL 60604

Matthew Madden
Federal Defender Program
28th Floor
55 East Monroe
Chicago IL 60603

And by hand delivery upon on March 3, 2008:

Brian Kolbus
Pretrial Services
219 S. Dearborn
Chicago Il 60604

/sTimothy P. O'Connor